UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| BETTY LOU GRAHAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No.: 1:08-CV-00031 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| FLEISSNER LAW FIRM and SCOTT N. DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

*Pro se* plaintiff Betty Lou Graham ("Plaintiff") alleges violations of the Fourteenth Amendment to the United States Constitution and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") against Defendants the Fleissner Law Firm and Scott Davis. Defendants filed two motions to dismiss and memoranda in support of those motions (Court File Nos. 4, 5, 13, 14) and moved for sanctions (Court File Nos. 10, 11). For the following reasons, the Court will **GRANT** Defendants' motions to dismiss (Court File Nos. 4 & 13) and **DENY** the motion for sanctions (Court File No. 10).

I.  **RELEVANT FACTS**

According to Plaintiff's complaint and subsequent filings, on February 12, 2007, Judge Robert Moon, in Hamilton County, Tennessee, General Sessions Court, dismissed Plaintiff's lawsuit against Walldorf Property Management and George Kangles. Plaintiff contends her Fourteenth Amendment rights in that case were violated because she was not given the opportunity to be heard nor were the merits of her case discussed before the court. She cites the court's reliance on

Defendants' argument that her action against their client was barred by the one year statute of limitations (Court File No. 1). In addition, Plaintiff alleges (through her motion to amend the original complaint) that Defendants violated her rights under HIPAA by taking advantage of access to her medical information obtained via a previous case in which they defended Liberty Mutual Insurance, the insurance company Plaintiff sued after an automobile accident in 1991 (Court File No. 7).

Defendants have served as counsel for several parties sued by Plaintiff in state court. The first and third lawsuits were in state court against Lake Park Condominium Association in which Plaintiff sought access to Lake Park's books and records and alleged a breach of fiduciary duty. The first lawsuit was dismissed for Plaintiff's failure to appear at a hearing. She subsequently attempted to have that suit reinstated, but the motion was denied by the court (Court File No. 11). The third lawsuit, which was also against Lake Park, contained ten claims alleging breach of fiduciary duty. Eight of those ten claims were dismissed because the statute of limitations had run, but Plaintiff appealed to the state Circuit Court. She appealed all ten claims, but the state Circuit Court dismissed the eight claims previously dismissed by the state General Sessions Court and eventually dismissed the two remaining claims (Court File No. 11). The other two lawsuits, numbers two and four, filed by Plaintiff were also related. The second lawsuit was against Walldorf Management, Inc., and George Kangles alleging mismanagement of rental property in fourteen claims. Thirteen of the fourteen claims were dismissed, and Plaintiff voluntarily dismissed the fourteenth claim. Plaintiff then filed a writ of *coram nobis* to reinstate the thirteen dismissed claims, which was subsequently denied. She also filed a Motion for Correction of Law in state Chancery Court, which was denied. Since then, she has filed several motions in state court in an attempt to revive the thirteen dismissed

claims. The defendants in that case have filed a motion to dismiss, which is still pending in Chancery Court (Court File No. 11). In this case, Plaintiff's alleged violations of the Fourteenth Amendment is a result of her failure to succeed in her state court claims.

## II. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III. DISCUSSION

### A. Fourteenth Amendment Violation

Plaintiff alleges that Defendants violated her Fourteenth Amendment rights by causing a

state court to dismiss her lawsuit. However, Plaintiff is barred from bringing a case in federal court to challenge the dismissal of her state claim because of the *Rooker-Feldman* doctrine, under which the lower federal courts abstain from exercising jurisdiction "over state court losers challenging state court judgments." *Raymond v. Moyer*, 501 F.3d 548, 550 (6th Cir. 2007) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.* 544 U.S. 280, 284 (2005)). The Sixth Circuit explained the scope of the doctrine:

> The doctrine applies only when a plaintiff complains of injury from the state court judgement itself. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*Abbott v. Michigan,* 474 F.3d 324, 328 (6th Cir. 2007). If the federal court claim is a "general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case," then the lower court can exercise its jurisdiction and hear the case. *Hood v. Keller*, 341 F.3d 592, 597 (6th Cir. 2003). However, in the instant case, Plaintiff is challenging the state court decision and not the constitutionality of the state law applied in her lawsuit. Such a challenge is precluded under the *Rooker-Feldman* doctrine.

Even if this Court had jurisdiction to hear the case, Plaintiff still cannot sue Defendants based on a violation of the Fourteenth Amendment. The Fourteenth Amendment states, "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV § 1. It is well settled that lawsuits based on violations of the Fourteenth Amendment can only be asserted against state actors. Shortly after the adoption of the Fourteenth Amendment, the United States Supreme Court held the amendment prohibits only state action, not private conduct. *In re Civil*

4

*Rights Cases*, 109 U.S. 3 (1883); *United States v. Harris*, 106 U.S. 629 (1883). More recently, the Supreme Court has held, "The principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the fourteenth amendment is only such action as may fairly be said to be that of the states. That amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). Defendants in this case are private actors; therefore, they cannot be subject to suits brought under the Fourteenth Amendment. Hence, Defendants' motion to dismiss for lack of jurisdiction and for failure to state a claim will be **GRANTED** pursuant to FED. R. CIV. P. 12(b)(1) & (6).

    **B.**    **HIPAA Violation**

Plaintiff's motion to amend her complaint to include additional information alleges Defendants violated HIPAA regulations. She claims that Defendants had access to her medical records over a fifteen year period because of a lawsuit against her insurance company resulting from an automobile accident. Defendants were opposing attorneys in that case, and she alleges that because of access to her medical information, Defendants took advantage of the information. She also expresses concern Defendants may have been involved in the insurance company's denial of medication in January 2007 which resulted in Plaintiff being hospitalized for ten days (Court File No. 7). However, there is no private right of action under HIPAA:

> HIPAA does not contain any express language conferring privacy rights upon a specific class of individuals. Instead, it focuses on regulating persons that have access to individually identifiable medical information and who conduct certain electronic health care transactions. 42 U.S.C. § 1320d-1. . . Because HIPAA specifically delegates enforcement, there is a strong indication that Congress intended to preclude private enforcement."

*Jones v. Cariten Healthcare*, No. 1:08-CV-9, 2008 WL 687496, *3 (E.D. Tenn. Mar. 11, 2008). Other district courts within the Sixth Circuit have likewise found no private right of action for

alleged violations of HIPAA. *Murry v. Mich. Dept. of Corr.*, No. Civ. 07-14126, 2008 WL 12157,*1 (E.D. Mich. Jan. 11, 2008) ("Plaintiff lacked standing to bring a HIPAA claim, as the statute does not provide for a private right of action."); *Smith v. Smith*, No. 07-CV-242-JBC, 2007 WL 2332394, *2 (E.D. Ky. Aug. 13, 2007) ("The courts reviewing HIPAA have spoken with one voice in holding that no private right of action can be implied in favor of a private citizen to enforce its terms.") (citing *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006)); *Shaull v. Med. Mut. of Ohio*, No. 3:05 CV 7291, 2007 WL 1796047 (N.D. Ohio June 20, 2007).

In addition, HIPAA violations can only be alleged against "Covered Entities." Covered Entities are health plans, health care clearinghouses, and any health care provider engaged in electronic transactions. 45 C.F.R. § 160.102(a) (2002). Defendants, a law firm and individual attorney, are not Covered Entities as defined by HIPAA. Thus, Defendants' second Motion to Dismiss will be **GRANTED** for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

**IV.     MOTION FOR SANCTIONS**

Defendants allege Plaintiff's complaint violated Rule 11(b)(1) & (2) of the Federal Rules of Civil Procedure, which provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, - (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

6

FED. R. CIV. P. 11.

Rule 11(c) provides, "If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firm, or parties that have violated subdivision (b) or are responsible for the violation." FED. R. CIV. P. 11(C). *Pro se* plaintiffs are not exempt from Rule 11 sanctions simply because they are not represented by counsel. *See Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 564 (1991) ("Requiring *pro se* litigants to make the Rule 11 certification ensures that, in each case, at least one person has taken responsibility for inquiry into the relevant facts and law.").

However, the Supreme Court has held that courts should liberally construe complaints filed by *pro se* parties, and they should not hold them to the same stringent standard required of licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Sixth Circuit recognized that for *pro se* plaintiffs there is a degree of latitude when "dealing with sophisticated legal issues," but the court did not find there to be "cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In addition, *pro se* parties are not exempt from following the law, and the Sixth Circuit has noted that "a willfully underrepresented plaintiff volitionally assumes the risks and accepts the hazards that accompany self-representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Accordingly, the sanctions provided under Rule 11 can be applied to *pro se* plaintiffs. Indeed, a district court in this circuit has sanctioned a *pro se* plaintiff for filing a case remarkably similar to Plaintiff's complaint in this case. *Cousino v. Nowicki*, No. 98-1223, 1999 WL 313850 (6th Cir. May 6, 1999) (noting that the plaintiff had abandoned his right

to appeal the imposition of the sanctions).

When deciding whether to impose Rule 11 sanctions, the Sixth Circuit directs courts to consider "whether an individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L&J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997) (citing *Lemaster v. United States*, 891 F2.d 115, 118 (6th Cir. 1989). If the party's conduct was not reasonable under the circumstances, possible sanctions under Rule 11 include "directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." FED. R. CIV. P. 11(c)(2). The Rule itself does not delineate the factors that a court should consider when deciding whether or not to impose sanctions. However, the Advisory Committee Notes lists several factors that the court can consider, which include:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

FED. R. CIV. P. 11, 1993 Advisory Committee Notes. Failure to prevail in state court has led Plaintiff to file a lawsuit in this court alleging violations of the Fourteenth Amendment by Defendants as it relates to the fourth lawsuit brought in state court by the Plaintiff. In addition, Plaintiff has also requested a writ of error in the case before this court, so that her lawsuit (the second lawsuit) could be reinstated. That case has already been dismissed in state court on three previous occasions (Court File No. 11). Defendants request Plaintiff be required to pay their

attorney fees, reasonable costs, and that the court impose any other appropriate sanctions.

However, the Court will decline to impose sanctions. This is Plaintiff's first time filing a suit in federal court, and there is no indication she is an experienced litigator or that she was aware of the impropriety of the claims she brought in this case. *Cf. Woolum v. Seabold*, 902 F.2d 1570 (6th Cir. 1990) (affirming sanctions against pro se litigant who was an experienced litigant and whose claims had been found without merit in two prior actions). There is no indication she knew her claims were frivolous or that she pursued her claims to harass Defendants. Nevertheless, now Plaintiff knows she cannot file frivolous complaints and that she will be held accountable if she does so in the future. As another judge of this district recently wrote:

> [I]f [she] persists in filing frivolous or vexatious complaints, pleadings, motions, briefs, and other documents in this Court in the future against these same defendants, the Court may exercise its authority to *sua sponte* impose any necessary and appropriate sanctions on [her] pursuant to FED. R. CIV. P. 11, including but not limited to monetary sanctions.

*Rowe v. Register*, No. 1:07-CV20, 2008 WL 2009186, *25 (E.D. Tenn. May 8, 2008).

## V. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' motions to dismiss (Court File Nos. 4 & 13) and **DENY** Defendants' motion for sanctions (Court File No. 10).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**